# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTURO E., | Civil Action No. 18-9283 (SDW) |
| Petitioner, | |
| v. | OPINION |
| CHARLES GREEN, | |
| Respondent. | |

**WIGENTON**, District Judge:

Presently before the Court is the *pro se* petition for a writ of habeas corpus of Petitioner, Arturo E., filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the Petition (ECF No. 7), to which Petitioner has replied. (ECF No. 8). For the following reasons, this Court will grant Petitioner's habeas petition and will direct an immigration judge to conduct a bond hearing for Petitioner within ten days.

## I. BACKGROUND

Petitioner is a native and citizen of Peru who was first admitted into the United States in March 1990. (ECF No. 7 at 29). Following multiple criminal convictions in New Jersey, including convictions for sexual assault and weapons charges, Petitioner was served with a notice to appear, taken into immigration custody pursuant to 8 U.S.C. § 1226(c) on August 11, 2016, and placed in removal proceedings based on his criminal history. (*Id.* at 29-39). Although Petitioner's removal proceedings began in September 2016, because of numerous requests for extensions, the firing of Petitioner's first attorney, and continuance requests by Petitioner, Petitioner's removal proceedings did not conclude before the immigration judge until he was ordered removed in June

1

2018. (*Id.* at 41-45). Following his removal order, Petitioner filed an appeal with the Board of Immigration Appeals, which remains pending at this time. (*See* ECF No. 8 at 22).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

In his petition, Petitioner contends that his ongoing detention pursuant to 8 U.S.C. § 1226(c)[1] violates his right to Due Process as he has been held overlong without a bond hearing, an

---

[1] In his reply brief, Petitioner raises for the first time two additional claims. First, he alleges that the Court should not consider him subject to § 1226(c) detention because he is challenging his convictions via post-conviction relief petitions. Second, he argues that the Court should overrule the immigration judge's rejection of his derivative citizenship argument and find him to be a United States citizen based on the naturalization of his father. A habeas petitioner "may not raise new issues and prevent new factual materials in a reply brief that it should have raised in its initial brief." *Judge v. United States*, 119 F. Supp. 3d 270, 284 (D.N.J. 2015) (quoting *D'Allessandro v. Bugler Tobacco Co.*, No. 05-5051, 2007 WL 130798, at *2 (D.N.J. Jan. 12, 2007)). Because these arguments were raised for the first time in reply, this Court would be free to disregard Petitioner's

argument he bases on the Third Circuit decisions in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). As this Court recently explained in *Dryden v. Green*, 321 F. Supp. 3d 496, 500-02 (D.N.J. 2018), both *Diop* and *Chavez-Alvarez* placed limitations on the length of time an alien could be held without bond under § 1226(c) based on an application of the canon of constitutional avoidance – a use of the canon which the Supreme Court rejected in its recent decision in *Jennings v. Rodriguez*, 538 U.S. ---, ---, 138 S. Ct. 830, 846-47 (2018). Thus, the Supreme Court, in deciding *Jennings* abrogated the direct holdings of both of those cases, a point the Third Circuit itself has recently recognized. *See, e.g., Borbot v. Warden Hudson Cnty. Corr. Facility*, --- F.3d ---, 2018 WL 4997934, at *4 (3d Cir. Oct. 16, 2018).

As both the Third Circuit and this Court have recognized, however, the abrogation of the constitutional avoidance holdings of *Diop* and *Chavez-Alvarez* did not rob those two cases of all effect – "*Jennings* did not call into question [the] constitutional holding in *Diop* [and *Chavez-Alvarez*] that detention under § 1226(c) may violate due process if unreasonably long." *Id.*; *see also Dryden*, 321 F. Supp. 3d at 502. Even after *Jennings*, it remains true that the "constitutionality of [§ 1226(c) detention] is a function of the length of the detention [and t]he constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as

---

new claims for that reason alone. *Id.* In any event, Petitioner's collateral challenges have no effect upon his § 1226(c) status unless and until Petitioner overturns his convictions, *see, e.g., Medina Lopez v. Atty' Gen. of U.S.*, 425 F. App'x 146, 150 (3d Cir. 2011); *Paredes v. Att'y Gen. of U.S.*, 528 F.3d 196, 198 (3d Cir. 2008), and this Court has no jurisdiction to consider Petitioner's derivative citizenship claim as it has not been properly exhausted and only the Board of Immigration Appeals and Court of Appeals for the Third Circuit have appellate jurisdiction to review the merits of the immigration judge's determinations. *See, e.g., Bryan v. U.S. Citizenship & Immigration Servs.*, 506 F. App'x 150, 151 (3d Cir. 2012); *Jordon v. Att'y Gen. of U.S.*, 424 F.3d 320, 326-27 (3d Cir. 2005); *Todd-Murgas v. Samuels*, No. 07-1644, 2007 WL 1202726, at *2-4 (D.N.J. Apr. 19, 2007).

detention continues," and "any determination on reasonableness [must be] highly fact specific." *Chavez-Alvarez*, 783 F.3d at 474-75; *see also Diop*, 656 F.3d at 232, 234. Ultimately, the detention of an alien will amount to an unconstitutional application of § 1226(c) where the alien's detention is so prolonged that it has become "so unreasonable [that it] amount[s] to an arbitrary deprivation of liberty [which] cannot comport with the requirements of the Due Process Clause." *Dryden*, 321 F. Supp. 3d at 502; *see also Demore*, 538 U.S. at 432; *Chavez-Alvarez*, 783 F.3d at 474. It also remains true, however, that "aliens who are merely gaming the system to delay their removal should not be rewarded with a bond hearing that they would otherwise not get under the statute." *Chavez-Alvarez*, 783 F.3d at 476. Since *Jennings*, this Court and others in this District have applied this framework and have generally found that detention for just over a year pursuant to § 1226(c) is insufficient to amount to an arbitrary deprivation of liberty and will thus not suffice to prove that the statute has been unconstitutionally applied. *See, e.g., Dryden*, 2018 WL 3062908 at *4-5 (detention for just over a year not unconstitutional); *Charles A. v. Green*, No. 18-1158, 2018 WL 3350765, at *5 (same); *Carlos A. v. Green*, No. 18-741, 2018 WL 3492150, at *5 (detention for just over 13 months not unconstitutional). Significantly longer periods of detention, however, have been determined to be so prolonged as to be arbitrary without a bond hearing. *See, e.g., K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at * 4 (D.N.J. Aug. 7, 2018) (detention of nineteen months in the absence of bad faith on Petitioner's part warranted a bond hearing); *C. A. v. Green*, No., 2018 WL 4110941, at *5-6 (D.N.J. Aug. 29, 2018) (detention of fifteen months in the absence of bad faith sufficient to warrant a bond hearing under the circumstances).

In this matter, Petitioner has been detained for more than two years and is not yet subject to a final order of removal as his appeal currently remains pending before the Board of Immigration Appeals. The length of Petitioner's detention alone gives the Court pause – Petitioner's current

4

detention has continued for nearly twice as long as the longest period of detention which this Court has found reasonable in previous post-*Jennings* cases. Length alone, however, is not the only factor which the Court must consider in determining whether Petitioner's detention has become arbitrary and thus unconstitutional – the Court must also consider whether there is evidence of bad faith or dilatoriness on the part of Petitioner such that he has merely gamed the system to acquire a bond hearing to which he is otherwise not entitled. The Court recognizes that the majority of Petitioner's period of detention has been the result of Petitioner's own actions including the firing of Petitioner's initial attorney, several instances during which Petitioner's attorney failed to appear, and the seeking of numerous continuances and adjournments to provide Petitioner with time to prepare his derivative citizenship claim and to gather evidence from Peru in support of that claim. In total, Petitioner requested more than a dozen extensions or continuances, and either Petitioner or his attorney appear to have been responsible for approximately eighteen months of delay in this matter. (*See* ECF No. 7 at 41-45). The Government, in turn, appears to have been responsible for little delay and the immigration court itself can be attributed with responsibility for approximately four months of delay prior to the immigration judge's decision in late June 2018, which was in part the result of Petitioner's withdrawal of his initial petition for relief from removal. (*Id.*). Since that decision and Petitioner's appeal, four more months have passed while Petitioner's appeal has remained pending before the Board. While the considerable delay on the part of Petitioner is certainly questionable, this Court finds nothing in the record which would support a conclusion that Petitioner was acting in bad faith or that he sought continuances merely to extend the length of his detention in order to receive a bond hearing. Petitioner did not file his current habeas petition until he had been detained for more than a year and a half. It appears that the delay, while likely

longer than was strictly necessary, was the result of Petitioner's attempts to obtain the documents and evidence needed to support his claims.

In sum, this Court does not find that Petitioner acted merely to game the system. Given the considerable period of time Petitioner has been detained, this Court concludes that continued detention absent a bond hearing would be sufficiently arbitrary to amount to an unconstitutional application of § 1226(c). Petitioner shall therefore be granted a bond hearing. At that bond hearing, "'the Government [will be required] to produce individualized evidence that [Petitioner's] continued detention was or is necessary' to further the goals of § 1226(c)−specifically ensuring that Petitioner presents neither a danger to the community nor a flight risk." *K.A.*, 2018 WL 3742631 at *4 (quoting *Chavez-Alvarez*, 783 F.3d at 477-78).

### III. CONCLUSION

For the reasons expressed above, this Court grants Petitioner's habeas petition and will direct an immigration judge to hold a bond hearing for Petitioner within ten days. An appropriate order follows.

*s/ Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge